**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1855

JEAN MURAT MONTREVIL,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A40-135-785)

Submitted: February 28, 2006      Decided: March 16, 2006

Before WILKINSON, WILLIAMS, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jean Murat Montrevil, Petitioner Pro Se.  Virginia Benson Evans,
John Walter Sippel, Jr., OFFICE OF THE UNITED STATES ATTORNEY,
Baltimore, Maryland; Song E. Park, Office of Immigration
Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jean Murat Montrevil, a native and citizen of Haiti, petitions this court for review of a 1994 decision of the Board of Immigration Appeals ("Board") finding him ineligible for § 212(c) waiver of deportation under 8 U.S.C. § 1182(c) (1994) (repealed in 1996). Montrevil filed this proceeding in the district court as a 28 U.S.C. § 2241 (2000) petition for habeas corpus relief. The district court properly transferred the proceeding to this court upon enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 311 ("the Act").[*] In accordance with the Act, we have reviewed Montrevil's case "as if it had been filed pursuant to a petition for review" under 8 U.S.C.A. § 1252 (West 2000 & Supp. II 2005). 119 Stat. at 311.

Although a current challenge to a 1994 Board decision would normally be untimely under § 1252(b)(1), § 106(c) renders the normal time limits inapplicable to cases transferred under that provision. 119 Stat. at 311. The Board found Montrevil ineligible for § 212(c) relief because, by the time of its decision, Montrevil had been imprisoned for over five years on an aggravated felony conviction. Under a 1990 amendment to § 212(c), "aliens convicted of an aggravated felony who had served a term of imprisonment of at

---

[*]Section 106(c) of the Act requires the transfer of any § 2241 petition filed by an alien and challenging, among other things, a final administrative order of deportation pending in the district court on the effective date of the Act, May 11, 2005. 119 Stat. at 311.

least five years" are barred from seeking the discretionary waiver under § 212(c).  DeOsorio v. INS, 10 F.3d 1034, 1036 (4th Cir. 1993).  At the time of the immigration judge's decision denying Montrevil § 212(c) relief in the exercise of his discretion, Montrevil was ten days short of having served five years on his aggravated felony.  By the time of the Board's decision, he had served over five years, and the Board therefore found him ineligible for § 212(c) relief.  On appeal, Montrevil challenges this ruling.

The First Circuit has recently affirmed the position taken by the Board in this case that "an alien continues to accrue time toward the five-year bar to section 212(c) relief after the issuance of a final order of removal."  Fernandes Pereira v. Gonzales, 417 F.3d 38, 42 (1st Cir. 2005).  See also Buitrago-Cuesta v. INS, 7 F.3d 291, 293-96 (2d Cir. 1993) (holding that the five year period is not measured as of the date the § 212(c) application is filed but as of the time of the final administrative decision).  We agree with these decisions and therefore deny Montrevil's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED